# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LIFT TRUCK LEASE AND SERVICE, INC., d/b/a A.D. LIFT TRUCK, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:12-CV-153 CAS<br>) |
| NISSAN FORKLIFT CORPORATION, NORTH AMERICA, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This closed diversity matter is before the Court on defendant Nissan Forklift Corporation, North America's ("Nissan") Motion for Attorney's Fees as a prevailing defendant, pursuant to § 407.755, Missouri Revised Statutes (2000). Plaintiff Lift Truck Lease and Service, Inc., d/b/a A. D. Lift Truck ("plaintiff" or "ADL") opposes the motion and it is fully briefed. For the following reasons, the motion will be denied.

**Background**

This case arose out of a business relationship between ADL and Nissan. ADL is in the business of selling new and used lift trucks (forklifts) and other industrial transportation equipment, and supporting parts and service, in various counties in Missouri and Illinois. Nissan is in the business of manufacturing lift truck and other industrial transportation equipment under the Nissan Forklift and Barrett Industrial Trucks marks that are resold through a nationwide network of dealers.

In January 2010, the parties entered into several agreements: a Nissan Forklift Dealer Agreement of indefinite term (the "Standard Agreement"), which appointed ADL as the exclusive authorized dealer of Nissan Forklift products in certain counties in Illinois and Missouri; a Nissan

Forklift Dealer Term Sales and Service Agreement (the "Term Agreement") which expired by its terms as of February 1, 2012; and a Dealer Sales Agreement of indefinite term (the "Barrett Agreement"), for the sale of Barrett Industrial Trucks products.

The three Agreements imposed certain performance obligations and sales goals on ADL. On January 10, 2012, Nissan sent a letter to ADL giving notice of its intent not to renew the Term Agreement, and to allow it to expire as of February 1, 2012 (the "Notice Letter"). The Notice Letter asserted that ADL was in default of its obligations with respect to three sections of the Term Agreement. The Notice Letter also gave notice of Nissan's intent to terminate the Barrett Agreement because ADL "has not provided adequate sales coverage as outlined in Section 11(a)." The Notice Letter stated, "This letter is your 90-day notice of non-renewal and termination for both Agreements and [ADL] will no longer be a Nissan or Barrett Dealer as of 4/15/12." The Notice Letter also stated that if ADL cured the default by achieving specific target goals within 60 days of the date of the letter, "the non-renewal and termination will not go into effect and [Nissan] will offer [ADL] a new 12-month Term Agreement." Id.

ADL filed this action on January 27, 2012 and amended its complaint on February 10, 2012. The amended complaint contained five counts. By Memorandum and Order of September 7, 2012, the Court granted Nissan's motion to dismiss ADL's claim under the Illinois Franchise Disclosure Act (Count II). See Docs. 41, 42. On October 2, 2012, the Court granted ADL's motion to voluntarily dismiss without prejudice its tortious interference with business expectancy claim (Count V). See Doc. 50. The remaining three counts asserted claims against Nissan under the Missouri Franchise Act, § 407.405, Mo. Rev. Stat. (Count I); the Missouri Power Equipment Act, § 407.753, Mo. Rev. Stat. (Count III); and for preliminary and permanent injunctive relief (Count V).

In Count I, ADL alleged that Nissan violated the Missouri Franchise Act by failing to provide at least ninety (90) days' advance notice that it was terminating or failing to renew the franchise Agreement between the parties. In Count III, ADL alleged that Nissan violated the Missouri Power Equipment Act by (1) terminating the parties' Agreements without good cause, and (2) failing to provide at least ninety (90) days' advance notice that it was terminating or failing to renew the Agreements between the parties. By Memorandum and Order of June 12, 2013, the Court granted Nissan's motion for summary judgment on the Franchise Act claim in Count I and denied the motion on the Power Equipment Act claim in Count III. The case proceeded to trial in July 2013 for a period of four days. After over six hours of deliberation, the jury returned its verdict in favor of Nissan and against ADL, and the Court entered judgment accordingly.

**Discussion**

I. Legal Standard

In a diversity case such as this, federal courts follow state law regarding an award of attorney's fees, absent conflict with a federal statute or court rule. Weitz Co. v. MH Washington, 631 F.3d 510, 528 (8th Cir. 2011). Missouri law therefore applies to Nissan's motion for attorney's fees. "[T]he general rule in Missouri is that attorneys' fees are only recoverable when a statute specifically authorizes recovery or when attorneys' fees are provided for by contract." Essex Contracting, Inc. v. Jefferson Cnty., 277 S.W.3d 647, 657 (Mo. 2009) (en banc) (cited case omitted).

Nissan's claim for attorney's fees is statutory. It is based on Nissan's status as a prevailing party in this action, under the following provision of the Missouri Power Equipment Act:

> If a manufacturer, wholesaler or distributor violates any provisions of sections 407.753 and 407.754, a retailer may bring an action against such manufacturer, wholesaler, or distributor in any court of competent jurisdiction for damages sustained by the retailer as a consequence of the violation, together with the actual costs of the action, including reasonable attorney's fees. <u>The court **may** award court</u>

3

<u>costs and reasonable attorney fees to the prevailing party</u>. The remedies set forth in this section shall not be deemed exclusive and shall be in addition to any other remedies permitted by law.

§ 407.755, Mo. Rev. Stat. (2000) (emphases added).

### A. *The Parties' Positions*

The parties disagree on the standard to be applied to Nissan's motion. Nissan contends in the memorandum in support of its motion that "[i]f a statute provides for an award of attorneys' fees, an award should be given unless 'special circumstances' render it unjust," citing <u>Blanchard v. Bergeron</u>, 489 U.S. 87, 89 n.1 (1989), and <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429 (1983). Nissan asserts that no such special circumstances exist in this case, and therefore because it is a prevailing party under Missouri law, it is entitled to recovery of its reasonable attorney's fees.

ADL responds that because the Power Equipment Act uses permissive language with respect to the decision to award or deny attorney fees, whether to award fees and in what amount rests in the Court's discretion. ADL further responds that Nissan misrepresents the standard the Court should follow in deciding the motion. ADL states that <u>Blanchard</u> and <u>Hensley</u> are federal civil rights cases addressing whether a prevailing plaintiff was entitled to attorney's fees under the prevailing party attorney's fee provision of 42 U.S.C. § 1988. ADL asserts that Nissan fails to mention that the sentence in <u>Henley</u> on which it relies includes a footnote that states: "A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." <u>Henley</u>, 461 U.S. at 429 n.2. ADL states that the footnote quotes <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421 (1987), a Title VII case in which the Supreme Court first announced that a district court may only award attorney's fees to a prevailing defendant upon a finding that the plaintiff's action was "frivolous, unreasonable, or without foundation.") (the "<u>Christiansburg</u> standard"). ADL argues that the <u>Christiansburg</u> standard applies

4

for prevailing defendants in all contexts involving statutes which provide for the award of attorney's fees to prevailing parties. Thus, ADL argues that prevailing defendants, such as Nissan, are entitled to attorney's fees only in "very narrow circumstances," Marquardt v. Lodge 837, Int'l Ass'n of Machinists, 26 F.3d 842, 848 (8th Cir. 1994), and that as long as a plaintiff had some basis for its claim, a prevailing defendant may not recover its attorney's fees, EEOC v. Kenneth Balk & Associates, Inc., 813 F.2d 197, 198 (8th Cir. 1997).

ADL argues that its claims were not frivolous, unreasonable or groundless, and in support states that (1) its claims were based on the interpretation and application of the language and terms of the Missouri Power Equipment Act, on which there were no reported decisions interpreting or applying the Act's language. Given the lack of precedent as to the meaning of the numerous terms and provisions of the Act, both parties were left to make their own reasonable interpretations of the meaning of the Act's language in context of the facts in the case; (2) its claims and evidence survived NFC's dispositive motions after careful consideration by the Court; and (3) the fact that this case went to trial over a four-day period and the jury deliberated for six hours is compelling evidence its claims were not frivolous.

Nissan replies that all but one of ADL's claims was either dismissed or voluntarily withdrawn "only as a result of thorough discovery, investigation, challenges and hard work of" Nissan. Reply at 1. Nissan asserts that Rule 11 of the Federal Rules of Civil Procedure places the burden of investigating allegations on ADL before it filed its claims. Nissan contends that ADL "continued to fabricate misleading arguments" such as Nissan's "alleged treatment of 'other dealers;' irrelevant claims about wholesale goals that it knew were not even governed by the agreements in this case; and claims that NFC executives had 'sinister' motives when all evidence showed NFC went out of its way to help ADL become a better dealer." Reply at 2. Nissan discusses

5

at length its contention that various allegations ADL made in its complaint and during the course of this litigation were groundless and contrary to the actual facts, and that ADL twisted the "good cause" language of the Power Equipment Act and presented evidence that did not meet the legal standard under either relevant type of good cause codified in the Act.

Nissan disputes ADL's assertion that it misrepresented the standard for an award of attorney's fees in this case, and argues that ADL is incorrect that <u>Christiansburg</u> establishes two standards for an award of attorney's fees, one for prevailing plaintiffs and one for prevailing defendants. Nissan seizes on a case that ADL cited for the proposition that the only cases to which the <u>Christiansburg</u> rule for an award of attorney's fees to prevailing defendants has not been applied are federal Copyright Act cases, <u>Fogarty v. Fantasy, Inc.</u>, 510 U.S. 517 (1994). <u>See</u> Mem. Opp. at 4, n.1. Nissan argues that in <u>Fogarty</u>, the Supreme Court explained that the <u>Christiansburg</u> standard does not apply in a copyright action because, in contrast to civil rights cases where the plaintiff often has little means relative to civil rights defendants, the language of the Copyright Act contains "no hint that successful plaintiffs are to be treated differently than successful defendants," 510 U.S. at 522, and both plaintiffs and defendants under the Copyright Act could run the gamut from being poor individuals to wealthy corporations. <u>Id.</u> at 524.

Nissan contends that as with the Copyright Act, plaintiffs under the Missouri Power Equipment Act may range from large corporations to small dealers, and defendant manufacturers may have markets shares and "breadth of product" that are large or small. Nissan notes that ADL is a corporation in the business of selling and repairing industrial, maintenance and construction power equipment, and offers the self-serving and unsupported contention that it is a "mid-sized industrial manufacturer based in Marengo, Illinois with about 400 employees." Reply at 9. Nissan contends there is no evidence the Missouri legislature intended to differentiate between such dealers

6

and manufacturers in the statute's fee-shifting provision, as there is no hint in the language of the Power Equipment Act that successful defendants are to be treated any differently than successful plaintiffs. Nissan argues that application of the Christiansburg standard would "defeat the legislative intent and essentially gut the Power Equipment Act of its fee-shirting [sic] language when applied to a prevailing defendant." Id.

Finally, Nissan argues that even if the Christiansburg standard applies, ADL's conduct as described in its motion and Reply shows that a number of ADL's assertions were frivolous, unreasonable, groundless and brought in bad faith. Nissan moves in the alternative to award fees in proportion to the claims eliminated before trial, which it suggests would include approximately three-quarters of its incurred fees.

### B. *An Award of Attorney's Fees under § 407.755 is Discretionary*

As a threshold matter, the Court finds that Nissan's motion for attorney's fees sought to misrepresent the applicable standard. Nissan's motion properly acknowledged that the Missouri Power Equipment Act gives the Court discretion to award fees to a prevailing party, but then argued it was entitled to fees based on the Supreme Court's statement in Hensley that, "If a statute provides for an award of attorney's fees, an award should be given unless 'special circumstances' render it unjust." Mot. for Atty Fees at 3. As ADL points out, immediately following the quoted sentence in Hensley is a footnote that states a much stricter standard applies where a prevailing defendant seeks attorney's fees. It was misleading for Nissan to cite the Supreme Court's articulation of the standard for awarding attorney's fees to a prevailing plaintiff, where it articulated a different standard for a prevailing defendant and Nissan is a prevailing defendant.

Then, seizing on ADL's citation to the Fogarty exception to Hensley in its opposition, Nissan completely changes its argument and contends in its Reply that Hensley's separate standards for

7

awards of attorney's fees to prevailing plaintiffs and defendants apply only to federal civil rights cases, and that the standard applicable under the federal Copyright Act should be applied under the Power Equipment Act. This is a remarkable argument, given that Nissan initially argued that federal civil rights cases Blanchard and Hensley entitled it to an award of fees.

As has been previously stated, there are no reported decisions interpreting the Missouri Power Equipment Act. Under Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938), a federal court sitting in diversity is bound by the decisions of the state's highest court. It is the federal courts' function to "interpret and apply, rather than to formulate and establish, state law. In diversity cases where, as here, the highest state tribunal has not definitely decided a legal issue, we attempt to determine how that court would decide the matter." Schiernbeck v. Davis, 143 F.3d 434, 441 (8th Cir. 1998) (quoted case omitted). In the absence of any controlling Missouri Supreme Court authority, a court may consider "relevant state precedent, analogous decisions, considered dicta, . . . and any other reliable data." St. Paul Fire & Marine Ins. Co. v. Schrum, 149 F.3d 878, 880 (8th Cir. 1998) (quoted case omitted).

The Missouri legislature has enacted dozen of statutes that contain fee-shifting provisions. See II Mo. Damages § 20.12 (MoBar 3d ed. 2012). There are statutory fee-shifting provisions in other sections of Chapter 407, the Missouri Merchandising Practices Act ("MMPA"), and these are the most useful for purposes of interpreting the Power Equipment Act, as individual statutes comprising a chapter are to be construed consistently with each other. See City of St. Louis v. Carpenter, 341 S.W.2d 786, 788-89 (Mo. 1961).

The Eighth Circuit Court of Appeals has held that cases involving 42 U.S.C. § 1988 provide the appropriate guidance for attorney fees award in cases under § 407.025.1 of the MMPA. Grabinski v. Blue Springs Ford Sales, Inc., 203 F.3d 1024, 1027-28 (8th Cir. 2000). In reaching this

8

conclusion, the Eighth Circuit found controlling a Missouri Supreme Court decision, O'Brien v. B.L.C. Insurance Co., 768 S.W.2d 64 (Mo. 1989) (en banc), that applied U.S. Supreme Court decisions interpreting § 1988 in deciding whether attorney's fees should be awarded under a different section of the MMPA, § 407.545.1. The Eighth Circuit stated:

> Although O'Brien involved the attorney's fees provision of a different statute from the one applicable here, namely, Mo. Ann. Stat. § 407.545.1 (West 1979, repealed 1989), we nevertheless think that O'Brien is apposite authority. The relevant statute in O'Brien provided that "[a]ny person who, with intent to defraud, violates any of the provisions of [certain statutes] shall be liable . . . in the case of any successful action to enforce the liability . . . [for] reasonable attorney fees" (emphasis supplied). That statute, as the trial court in our case pointed out, appeared to mandate attorney's fees in successful actions. But the O'Brien court never alluded to that fact in deciding the case; instead, it relied on certain United States Supreme Court cases interpreting 42 U.S.C. § 1988(b) in deciding whether and under what circumstances an award of attorney's fees is appropriate. See O'Brien, 768 S.W.2d at 71.
>
> We think that it is important to note that the wording of 42 U.S.C. § 1988(b) is identical in every material respect to that of Mo. Ann. Stat. § 407.025.1, the statute applicable in our case: The federal statute provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee," and the Missouri statute provides that "[t]he court . . . may award to the prevailing party attorney's fees, based on the amount of time reasonably expended." Since the Missouri Supreme Court in O'Brien used federal cases to determine when fees are due under a state statute that evidently mandated an award of fees, we think that there is even more reason to expect that it would use such cases when deciding an attorney's fees award under a statute with discretionary language virtually identical to that contained in § 1988(b). We therefore conclude that cases involving § 1988(b) provide the appropriate guidance in § 407.025.1 attorney's fees cases.

Grabinski, 203 F.3d at 1027-28.

The Eighth Circuit's interpretation of O'Brien in Grabinski was rejected by the Missouri Court of Appeals in Scott v. Blue Springs Ford Sales, Inc., 215 S.W.3d 145 (Mo. Ct. App. 2005), rev'd on other grounds, 176 S.W.3d 140 (Mo. 2005) (en banc), to the extent that it held "[the] trial court abused its discretion when it denied [plaintiff] attorney's fees simply because it felt that the punitive damages award was 'generous' and because it did not want to 'pad' the punitive damage

9

award with a fee award in this case." Scott, 214 S.W.3d at 1l67 (quoting Grabinski, 203 F.3d at 1028 (internal quotation marks omitted)). The Missouri Court of Appeals explained that it believed that O'Brien's citation to federal civil rights decisions was for a reason much more limited than the Eighth Circuit's interpretation:

> A careful reading of O'Brien clearly shows that the citation to the federal cases by the [Missouri Supreme] Court, relied upon by the Grabinski court for its interpretation of § 407.025.1, was done solely in support of the [Missouri Supreme] Court's directive that, in determining the award of attorney's fees on remand, attorney's fees having been mandated by the statute, one factor to be considered was the result achieved. O'Brien, 768 S.W.2d at 71. This could hardly be interpreted as signaling, as the Grabinski court held, that the Missouri Supreme Court was implicitly adopting the federal rule, with respect to § 1988(b), that in determining an award of attorney's fees, pursuant to § 407.025.1, the trial court, as a matter of law, cannot consider the award of damages to the plaintiff. The statute in question in O'Brien mandated attorney's fees such that the Court's citation of the federal cases in question did not bear on the issue that confronted the Grabinski court and now confronts us. Hence, Grabinski, besides being contrary to the clear language of the statute, which we discuss, supra, was not well reasoned[.]

Scott, 215 S.W.3d at 169-70. The Missouri Court of Appeals stated the rule in Missouri is that an award of attorney's fees under § 407.025.1 lies within the discretion of the trial court:

> In using the term "may" in § 407.025.1, as to the award of attorney's fees, the legislature clearly intended that the trial court could, but was not required to, award attorney's fees to a prevailing party, or in other words, that such an award is within the trial court's discretion. See In re Estate of Parker, 25 S.W.3d at 616 (stating that the "[u]se of the word 'may' in a statute implies alternate possibilities and that the conferee of the power has discretion in the exercise of the power"); see also Carpenter v. Discount Motors, Inc., 652 S.W.2d 716, 718 (Mo. App. 1983) (holding that § 407.025 "leaves little, if any, room to doubt that the ultimate decision as to whether any punitive damages or attorney fees will be granted is invested to the sound discretion of the court").

Scott, 215 S.W.3d at 167.

When the Missouri Supreme Court reversed Scott on other grounds, it did not address the attorney's fees issue or comment on the lower court's interpretation of O'Brien or Grabinski. Further guidance from the Missouri Supreme Court on attorney's fees under the MMPA can be

10

discerned, however, from its recent decision in Berry v. Volkswagen Group of America, Inc., 397 S.W.3d 425 (Mo. 2013) (en banc). Berry addressed attorney's fees in a class action under § 407.025.2 of the MMPA. This section is similar to § 407.025.1 that was at issue in O'Brien and Grabinski, and provides that a "court may in its discretion order . . . reasonable attorney's fees." § 407.205.2. The Missouri Supreme Court stated that an award of attorney's fees under the MMPA is reviewed for an abuse of discretion under the following standard:

> The trial court is deemed an expert at fashioning an award of attorneys' fees and may do so at its discretion. Western Blue Print Co., LLC v. Roberts, 367 S.W.3d 7, 23 (Mo. banc 2012). "To demonstrate an abuse of discretion, the complaining party must show the trial court's decision was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." Id. (quoting Howard v. City of Kansas City, 332 S.W.3d 772, 792 (Mo. banc 2011)).

Berry, 397 S.W.3d at 430-31.

The Berry decision was an opportunity for the Missouri Supreme Court to reiterate that federal civil rights cases are relevant to the decision to award fees under the MMPA, as opposed to the amount of fees, but it did not do so. The court did state, "While the trial court has discretion to award reasonable attorneys' fees, there are factors that may be considered to determine the amount of attorneys' fees to award. One consideration in determining the amount of attorneys' fees is the result achieved. O'Brien v. B.L.C. Ins. Co., 768 S.W.2d 64, 71 (Mo. banc 1989); see also Hensley v. Eckerhart, 461 U.S. 424, (1983)." Berry, 397 S.W.3d at 431 (internal citation and parallel citations omitted).

Based on the Missouri Supreme Court's comments on the discretionary nature of an award of attorney's fees under the MMPA, and the context of the court's reference to O'Brien and Hensley, the Court concludes the Missouri Supreme Court did not implicitly adopt the federal standards of 42 U.S.C. § 1988(b) for determining whether to award attorney's fees under the MMPA. Instead,

11

it appears that Missouri courts apply an abuse of discretion standard which may be informed, at least with respect to the amount of fees to be awarded, by federal civil rights cases.

Based on the foregoing discussion, the Court concludes that the Christiansburg standard does not control this state law issue, but does shed some useful light on how a judge should exercise discretion under the Power Equipment Act. The Court in independent research has not found any Missouri cases that address the appropriate standard to apply to a prevailing defendant's motion for attorney's fees under a statute with discretionary language similar to that of the Power Equipment Act. By using the word "may" in the attorney's fee provision of the Power Equipment Act, the Missouri legislature clearly authorized courts to exercise their discretion. This is consistent with the Missouri Supreme Court's decision in Berry and other cases that addressing the attorney's fee provision in § 407.025.

The Court's decision whether to award fees to Nissan as the prevailing defendant in this case is informed in part by the Missouri Supreme Court's characterization of the MMPA as paternalistic and intended to protect Missouri citizens:

> The MMPA's fundamental purpose is the "protection of consumers," and, to promote that purpose, the act prohibits false, fraudulent or deceptive merchandising practices. The MMPA is "paternalistic legislation designed to protect those that could not otherwise protect themselves." The legislature granted discretion to the trial court to award, "in addition to damages, injunction or other equitable relief and reasonable attorney's fees." Section 407.025. These remedial measures are designed not only to remedy violations of the MMPA, but also prospectively to deter prohibited conduct and protect Missouri citizens.

Berry, 397 S.W.3d at 433 (internal citations and quoted case omitted). The Missouri Supreme Court has previously stated that the statutes in Chapter 407 "carry heightened public policy considerations," High Life Sales Co. v. Brown-Forman Corp., 823 S.W.2d 493, 498 (Mo. 1992) (en

banc), reflect a "strong public policy" of protecting franchisees, and are "fundamental policy." Id. at 498.

Because the Missouri legislature's enactment of statutory protections for Missouri franchisees such as ADL is paternalistic and reflects strong public policy and fundamental policy decisions, it is appropriate to apply a different standard to a prevailing defendant's request for attorney's fees under § 407.755 than would be applied to such a request by a prevailing plaintiff. In the absence of specific guidance from the Missouri Supreme Court on this issue, the Court concludes that an award of fees should not be made to a prevailing defendant under § 407.755 unless the plaintiff's claims were frivolous, unreasonable or groundless. Cf. Christiansburg, 434 U.S. at 422. Under such a standard, the mere fact that a plaintiff's claims were disposed of on a dispositive motion would not, by itself, render the claims frivolous, unreasonable or groundless. Id. at 421-22. The Court will now apply this standard to the facts of this case.

II. Nissan is Not Entitled to Attorney's Fees

As a threshold matter, the Court rejects Nissan's contention that Rule 11, Fed. R. Civ. P., has any relevance to the decision whether to award attorney's fees against ADL under § 407.755. Nissan did not file a Rule 11 motion in this case and is not seeking its fees as a Rule 11 sanction.

The Court also rejects Nissan's assertion that ADL knowingly filed a baseless claim under the Power Equipment Act. The Complaint in this case raised novel issues of Missouri law, as there were no reported cases interpreting or applying the Act's language when the case was filed.[1] Because the Act has multiple undefined terms and provisions that were at issue in this case, the

---

[1] A recent Westlaw search indicates the instant case is the only case reported under the Act.

parties were left to make their own reasonable interpretations of the Act's meaning in the context of the facts of this case.

It is relevant to the attorney's fee inquiry that this case survived to be tried to a jury. Nissan filed a motion to dismiss the First Amended Complaint which was denied, except for a count under the Illinois Franchise Act. In pertinent part, the Court denied Nissan's motion to dismiss the Power Equipment Act claim finding that the complaint's allegations were sufficient to "reasonably infer that Nissan did not have good cause to terminate its relationship with ADL." Mem. and Order of Sept. 7, 2012 at 9-10. (Doc. 41)

The Court granted Nissan's motion for summary judgment on ADL's Missouri Franchise Act claim, but denied the motion on the Power Equipment Act claim, finding that:

> genuine issues of material fact exist that preclude summary judgment on ADL's Power Equipment Act claim based on termination without good cause, including but not limited to whether Nissan's sales goals for ADL were "essential" or "reasonable;" whether ADL failed to substantially comply with those goals; whether Nissan treated ADL differently than other similarly situated retailers; and whether ADL "consistently" failed to meet Nissan's requirements for "reasonable market penetration" in "comparable marketing areas."

Mem. and Order of June 12, 2013 at 9. (Doc. 92) The Court notes that all of the terms in quotation marks were included in but not defined in the Power Equipment Act.

The Court also denied in part Nissan's motion to exclude the testimony of ADL's expert witness and denied its motion to exclude the testimony of ADL's controller, who offered lay testimony concerning damages. The Court requested that Nissan renew its objections to the controller's lay testimony through a motion in limine, and invited the parties to provide further briefing to identify "relevant legal authority from other jurisdictions addressing the correct measure of damages in the context of franchise terminations" because there were no cases interpreting the Power Equipment Act's damages provision. Mem. and Order of June 18, 2013 at 8, 12. (Doc. 94)

14

Nissan's motion for fees reiterates many of the same arguments it made in its dispositive and Daubert motions, in support of its contention that ADL's claims were baseless. The Court already considered these arguments in findings that ADL's Power Equipment Act claims were not subject to dismissal or summary judgment. This weighs heavily against a post-judgment finding that the claims were frivolous, unreasonable or groundless. Further, the Court presided over the four-day trial and heard all of ADL's evidence, as well as Nissan's. From that vantage point, the Court finds that ADL's claims, although ultimately unsuccessful, were not frivolous, unreasonable or groundless. Nissan's motion for attorney's fees should therefore be denied.

**Conclusion**

For the foregoing reasons, the Court declines to award defendant Nissan its attorney's fees as a prevailing party under § 407.755, Missouri Revised Statutes, and its motion for attorney's fees will be denied. Accordingly,

**IT IS HEREBY ORDERED** that defendant Nissan Forklift Corporation, North America's motion for attorney's fees is **DENIED**. [Doc. 140]

                                                                  **CHARLES A. SHAW**
                                                                  **UNITED STATES DISTRICT JUDGE**

Dated this  3rd  day of December, 2013.