# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LIFT TRUCK LEASE AND SERVICE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-153 CAS |
| ) | |
| NISSAN FORKLIFT CORPORATION, ) | |
| NORTH AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Lift Truck Lease and Service, Inc. ("ADL") filed this action against Nissan Forklift Corporation, North America ("Nissan") after Nissan terminated dealership agreements between the parties. On July 25, 2013, following a four-day trial, the jury returned its verdict in favor of defendant Nissan and against ADL. On July 29, 2013, the Court entered judgment in favor of Nissan and assessed costs against ADL. Nissan as the prevailing party subsequently filed its Motion for Bill of Costs. ADL opposes some of the costs sought and the motion is fully briefed. For the following reasons, the Court will grant in part and deny in part Nissan's motion.

Nissan's Bill of Costs seeks a total of $18,297.32, as follows:

- Fees of the clerk                          $    236.00
- Fees of the court reporter                   16,499.30
- Fees for witnesses                              597.12
- Fees for exemplification and copies             964.90

ADL objects to costs associated with Nissan obtaining both stenographic and videotaped depositions, miscellaneous stenographic deposition costs as incurred solely for convenience of counsel, the claimed mileage, parking and subsistence allowance for witness Nicholas Totorich, and copies.

**Discussion**

Nissan's requests for its costs expended is governed by Rule 54(d), Federal Rules of Civil Procedure, and 28 U.S.C. § 1920. Allowable costs in most cases are limited to the categories set forth in 28 U.S.C. § 1920, and expenses not on the statutory list must be borne by the party incurring

them. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). The Court must carefully scrutinize the claimed costs and the support offered for them. Farmer v. Arabian American Oil Co., 379 U.S. 227, 232-33, 235 (1964); Alexander v. National Farmers Org., 696 F.2d 1210, 1212 (8th Cir. 1982).

Taxable costs under § 1920 include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreters under 28 U.S.C. § 1828. The Court will address each category of Nissan's claimed costs and ADL's objections thereto.

I. Fees of the Clerk

ADL concedes that Nissan is entitled to recover costs of $200 for pro hac vice admission fees and $36 for certificates of good standing, which its counsel were required to submit in support of the motions to appear pro hac vice. The Eighth Circuit Court of Appeals has held that pro hac vice fees are recoverable as fees of the clerk under § 1920(1), Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 898 (8th Cir. 2009), but has not addressed certificates of good standing. One district court in the Eighth Circuit has held that expenses for certificates of good standing submitted in support of pro hac vice applications are recoverable as costs. Bennett v. Nucor Corp., 2012 WL 3962459, at *6 (E.D. Ark. Sept. 10, 2012). Based on the Eighth Circuit's holding that pro hac vice fees are recoverable under § 1920, the Court finds that fees for certificates of good standing are also recoverable, where Local Rule 12.02(E) requires pro hac vice applicants to submit a certificate of good standing in support of their motions.

II. Fees of the court reporter

A. *Video depositions*

ADL objects to the costs of the six video depositions taken by Nissan on the basis that Nissan is also seeking to recover the costs of stenographic transcripts of the same depositions. ADL argues

2

that the video depositions were unnecessary and duplicative of the stenographic transcripts, and that this Court has held only one version may be recovered as a taxable cost. Nissan argues that it is entitled to recover the costs associated with both video depositions and stenographic transcripts, citing decisions of the Tenth and Eleventh Circuits in support.

The Eighth Circuit has held that § 1920 permits taxation of the costs associated with conducting video depositions. Craftsman Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 897 (8th Cir. 2009). Section 1920(2) allows taxable costs for "[f]ees for printed **or** electronically recorded transcripts necessarily obtained for use in the case" (emphasis added). The Eighth Circuit has not addressed whether a party can recover costs of both a stenographic transcript and video of the same deposition. In several decisions, this Court has held the plain language of the statute is clear, and use of the disjunctive "or" indicates a party cannot recover the cost of both a stenographic transcript and video of the same deposition. See, e.g., MEMC Electronic Materials, Inc. v. Sunlight Group, Inc., 2012 WL 918743, at *2 (E.D. Mo. Mar. 19, 2012); Sportsman v. BNSF Railway Co., 2011 WL 4528388, at *2 (E.D. Mo. Sept. 29, 2011); American Guar. & Liab. Ins. Co. v. U.S. Fidelity & Guar. Co., 2010 WL 1935998, at * 2 (E.D. Mo. May 10, 2010); Thomas v. Newton, 2009 WL 1851093, at *3 (E.D. Mo. June 26, 2009); but see Farnsworth v. Covidien, Inc., 2010 WL 2160900, at *2 (E.D. Mo. May 29, 2010). The undersigned finds that § 1920(2) precludes the recovery of the cost of both a stenographic transcript and video of the same deposition.

The Court must now determine which costs to reject. ADL argues that the video costs of $5,785.00 should be rejected because Nissan cannot show they were a necessity, as Nissan could have relied solely on the less-expensive stenographic transcripts, as ADL did. Nissan argues that it had to obtain stenographic transcripts to support its motions filed in the case, and the video recordings were reasonably necessary because "the appearances of those witnesses were relevant to the issues at hand." Nissan Reply at 4. Nissan argues that it was necessary to show the video deposition of ADL's expert, Mr. Schuster, who was not called at trial and was outside the Court's subpoena power. Nissan argues that "other witnesses could have been unavailable, leaving [it] to

use video," and that it "was prepared to show the jury impeachment video of ADL and its officers in the event that they would attempt to embellish facts in order to gain a favorable verdict." Id.

Nissan's decision to obtain both stenographic transcripts and video depositions of six of ADL's witnesses, based on the possibility that those witnesses might not appear at trial, does not make the video depositions necessarily obtained for use in the case. Nissan could have used the common procedure of having someone read Mr. Schuster's deposition testimony into the record, and could have just as readily impeached ADL's witnesses with their deposition testimony in the form of a stenographic transcript. Nissan does not articulate the existence of any special circumstances in this case that made it necessary for the jury to actually see and hear Mr. Schuster's deposition testimony on video, as opposed to hearing that testimony read aloud. Nissan also does not explain why use of deposition transcripts would not have been sufficient in the event impeachment of ADL's witnesses had been required. Nissan must therefore bear the expense of the video depositions, and the Court will reduce the Bill of Costs by $5,785.00 for that expense.

### B. *Stenographic transcript fees*

ADL also objects to certain fees for attendance, administration, delivery, handling, digital transcripts/exhibits, color copies of exhibits, before/after hours charges, archives, summaries video pages, parking, obtaining signatures, second mini or condensed copies of the original transcript, and copies of the transcript in other formats, included in the stenographic deposition transcript charges submitted as costs by Nissan. ADL asserts that these fees, which total $2,432.10, are not enumerated in § 1920(2) and are not recoverable, as the Eight Circuit has held that delivery-associated costs are not recoverable under §1920(2), Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006). ADL also asserts that district courts in the Eighth Circuit have excluded most of the other fees requested by Nissan with regard to the stenographic transcripts, citing American Guarantee & Liability Insurance Co., 2010 WL 1935998 at **3-12 (denying as unnecessary fees for shipping, accelerated transcripts, mini/condensed transcripts, e-transcripts, video copies, exhibit archives, condensed disks, copies of exhibits, duplicate transcript copies, and digital conversions of transcripts/exhibits); and Clark v. Baka, 2011 WL 2881710, at *3 (E.D. Ark.

4

July 19, 2011) (denying as unnecessary fees for expedited transcripts, e-transcripts, ASCII and condensed transcripts, color copies, color exhibits, second set of exhibits, processing and delivery charges, early appearance fees, and after-hours rates).

Nissan responds, "In the spirit of compromise, [Nissan] offers to absorb these costs." Reply at 4. The Court will reduce the Bill of Costs by $2,432.10.

III. Fees for witnesses

A. *Mileage fees*

ADL objects to mileage fees associated with the appearance of Nick Totorich at deposition and trial on the basis that Nissan has not presented any evidence to substantiate the miles Mr. Totorich actually traveled for the deposition and trial, citing Long v. Cottrell, Inc., No. 4:99-CV-181 CDP, slip op. at 5 (E.D. Mo. Oct. 5, 2000) (refusing to tax costs for travel where no evidence was submitted in support). Nissan responds that ADL's Rule 26(a) disclosures identified Mr. Totorich as likely to have knowledge of ADL's claims, and provides his address in Crystal Lake, Illinois. Nissan asserts that the mileage calculations between Mr. Totorich's address in Crystal Lake and the location of his deposition in Chicago and the trial location in St. Louis are a matter of "simple math." Reply at 5.

The witness fee specified in § 1920(3) is defined in 28 U.S.C. § 1821. Crawford Fitting, 482 U.S. at 440. In relevant part, § 1821 provides:

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States . . . or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.
>
> . . . .
>
> (c)(2) A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.

28 U.S.C. § 1821(a)(1), (c)(2).

The Bill of Costs lists deposition mileage of 104.6 miles at 56.5 cents per mile, for a total of $59.10, and trial mileage of 636 miles at 56.5 cents per mile, for a total of $359.34. The only documentation provided in support of the mileage expense is a piece of paper titled "St. Louis Trip" that is unsigned and unverified and states in pertinent part, "Milage [*sic*] 636." Courts have routinely rejected mileage requests where the supporting documentation has been found inadequate. See, e.g., Morrissey v. County Tower Corp., 568 F. Supp. 980, 982 (E.D. Mo.), aff'd on other grounds, 717 F.2d 1227 (8th Cir. 1983); Amana Soc., Inc. v. Excel Eng'g, Inc., 2013 WL 427394, at *9 (N.D. Iowa Feb. 4, 2013) (check from party's counsel to witness was insufficient evidence to support mileage cost); Long v. Cottrell, Inc., No. 4:99-CV-181 CDP, slip op. at 5; Aerotronics, Inc. v. Pneumo Abex Corp., No. 4:91-CV-713 CAS, slip op. at 8 (E.D. Mo. June 4, 1996) ("mileage costs will not be taxed for lack of documentation.") The Court finds that Nissan has failed to adequately document the claimed mileage for Mr. Totorich, and will reduce the Bill of Costs by $418.44.

B. *Subsistence expense*

ADL also objects to a subsistence charge requested for Mr. Totorich, asserting that based on the documentation provided by Nissan it is unclear whether Mr. Totorich was required to stay overnight in St. Louis and, if he was, he is entitled only to a per diem allowance for food up to $45.50 per day and $5.00 per day for incidentals. ADL states that without producing any receipts, Nissan requests reimbursement of a single $70.33 meal, and is also seeking valet parking, which is not a proper incidental charge, and even if it were, it cannot be reimbursed in excess of $5.00.

Nissan responds that it does not object to the use of per diem subsistence allowances as "suggested" by ADL, and that subsistence would be proper in the amount of $45.50 per day for the first and last days and $5.00 per day for incidentals, for a total of $101.00 in subsistence fees (as opposed to the $98.96 previously requested).

With respect to witness subsistence, § 1821 provides:

  (d)(1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.

(d)(2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.

28 U.S.C. § 1821(d)(1), (2).

As a result, use of the federal per diem allowance is mandatory. The Court finds that subsistence costs for Mr. Totorich's overnight stay should be allowed in amount of $99.00.[1]

IV. Fees for exemplification and copies

Finally, ADL objects to Nissan's request for photocopies in the amount of $964.90. ADL states that Nissan's request for these costs lacks sufficient detail to allow a reasonable evaluation of the request, as there is no detail as to what was copied, the purpose of the copies or the amount charged per copy, and therefore should be denied.

Nissan responds only that "ADL would apparently require that [it] substantiate the purpose and content of each page copied, without providing any authority for this proposition. These copy and exemplification costs were necessary to [Nissan's] defense[.]" Reply at 6.

"Expenses for photocopies 'necessarily obtained for use in the case' are recoverable by the prevailing party as costs. 28 U.S.C. § 1920 (2000). Rule 54(d) directs that costs, such as necessary photocopies, 'shall be allowed as of course to the prevailing party unless the court otherwise directs.' Fed. R. Civ. P. 54(d)." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002). "In determining whether a photocopy expense is necessary so as to be taxable as a cost and whether to award that cost to the prevailing party, the district court enjoys discretion so long as it does not act arbitrarily." Id. "[N]umerous district courts within the Eighth Circuit have refused to tax discovery-related copying costs" and have stated that copies of papers "'necessarily obtained for use in the case' covers only the 'cost of actually trying a case in the courtroom.'" Little Rock

---

[1] The Meals and Incidental Expenses ("MIE") per diem for St. Louis, Missouri for fiscal year 2013 was $66 per day, see www.gsa.gov/portal/category/100120, which is limited to $49.50 on the first and last day of travel, see www.gsa.gov/mie. Because Mr. Totorich's stay was for a two-day period, the MIE is limited to $49.50 for each day.

Cardiology Clinic PA v. Baptist Health, 591 F.3d 591, 602 (8th Cir. 2009) (quoted case omitted) (no abuse of discretion for refusal to tax discovery-related copying costs).

Amounts sought for copy expenses must be documented or itemized in such a way that the Court can meaningfully evaluate the request. Yaris v. Special School Dist. of St. Louis County, 604 F. Supp. 914, 915 (E.D. Mo. 1985), aff'd, 780 F.2d 724 (8th Cir. 1986); Lee ex rel. Lee v. Borders, 2013 WL 1316985, at ** 2-3 (E.D. Mo. Mar. 29, 2013) ("The submission of an affidavit that affirms in a general way that the expenses listed were necessarily incurred in the defense in the case is not an adequate substitute for providing appropriate documentation."). While a party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," it is "required to provide the best breakdown obtainable from retained records." Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991).

Nissan's Bill of Costs states only the total charge of $184.90 for photocopies and $780.00 for color copies, and that Nissan "retained its invoices for the exemplification and copies of papers and will provide them for review upon request." Nissan did not, however, provide any documentation after ADL challenged its request for copy expenses. The information before the Court is insufficient for a determination whether the copies were "necessarily obtained for use in the case." The Court will disallow copy costs of $964.90.

**Conclusion**

For the foregoing reasons, the Court will grant in part and deny in part Nissan's Motion for Bill of Costs. To summarize, the Court will order the following costs taxed:

- Fees of the clerk $ 236.00
- Fees of the court reporter 8,282.20
- Fees for witnesses 99.00

Total costs taxed $ 8,617.20

Accordingly,

**IT IS HEREBY ORDERED** that defendant Nissan Forklift Corporation, North America's Motion for Bill of Costs is **GRANTED in part** and **DENIED in part**. [Doc. 141]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs against plaintiff Lift Truck Lease & Service, Inc. in the amount of Eight Thousand Six Hundred Seventeen Dollars and Twenty Cents ($8,617.20).

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this　5th　day of December, 2013.